**FILED**
**Jun 16, 2026**
**04:25 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MEMPHIS

| | |
|---|---|
| **JOHN DURFEE,**<br>            **Employee**,<br>**v.**<br>**CITY OF GERMANTOWN,**<br>            **Employer**,<br>**and**<br>**PUBLIC ENTITY PARTNERS,**<br>            **Carrier**. | **Docket No. 2025-80-1839**<br><br><br>**State File No. 26692-2023**<br><br><br>**Judge Amber E. Luttrell** |

## COMPENSATION ORDER

The Court held a compensation hearing to determine whether Mr. Durfee is limited to increased benefits or entitled to extraordinary relief. For the reasons below, the Court holds that Mr. Durfee proved that his case is extraordinary and he is entitled to additional benefits.

### Claim History

Mr. Durfee was employed by the City of Germantown as a police officer in the uniformed patrol division. On April 8, 2023, he injured both shoulders while apprehending an assailant.

Germantown authorized treatment with Drs. John Lochemes and Thomas Throckmorton for bilateral rotator cuff tears. Dr. Lochemes initially treated Mr. Durfee and surgically repaired both shoulders. After retearing the left rotator cuff during therapy, Mr. Durfee saw Dr. Throckmorton and underwent a third surgery. Mr. Durfee worked light duty during his treatment.

Mr. Durfee was placed at maximum medical improvement for his right shoulder in May 2024 and his left shoulder in October 2024 and was assigned a combined 12% impairment rating. Dr. Throckmorton also assigned permanent

restrictions to the left arm of a 20-pound limit for lifting, pushing, pulling, and carrying. He completed a Physician Certification Form stating that due to Mr. Durfee's restrictions, he can no longer perform his pre-injury occupation.

The Court approved a settlement in March 2025, which established that Mr. Durfee suffered a compensable bilateral shoulder injury. His original award totaled $60,404.94, and his initial compensation period expired on November 4, 2025. Afterward, he filed a petition seeking additional permanent disability benefits.

The parties agreed that Mr. Durfee was terminated from the police department because it could not accommodate his permanent restrictions, and he has not returned to work for any other employer. He accepted early retirement and receives $4,941.20 per month in benefits.

*Lay Proof*

Mr. Durfee is now 54 years old with a bachelor's degree in criminal justice. He worked for Germantown for approximately 28½ years, earned gross annual pre-injury wages of approximately $87,000, and wanted to at least reach 30 years of service to be eligible for 100% retirement benefits.

During his employment, Mr. Durfee held positions as an arson/explosion investigator, a senior examiner, a death investigator, dog bite investigator, and detective. He also worked on the Sheriff's DUI squad, an FBI task force, and a joint terrorism task force. Mr. Durfee stated that after Germantown said that it could not accommodate his permanent restrictions, he accepted early retirement to keep health insurance and monthly benefits.

Mr. Durfee testified that he did not want to retire. He requested accommodation by email from the police chief, Mike Fisher, to allow him to continue working for the police department to achieve 30 years of service. Mr. Fisher responded that the department was "unable to accommodate any permanent restriction that would prevent a sworn member from performing any and all duties of a police officer."

Mr. Durfee stated that he wanted to continue working for Germantown in any position inside or outside of law enforcement that was within his restrictions but was not offered another position. He acknowledged that Sharon Hailey, Germantown's human resources representative, informed him he could apply for other positions. Germantown introduced an email from Ms. Hailey to Mr. Durfee, which stated, "if

there are other positions within the City that interest you and work within your restrictions, you are welcome to apply to transfer to another department to continue as a full-time employee with the City." Mr. Durfee stated that Ms. Hailey did not identify or offer him any specific position.

He testified that after his termination, he applied for jobs through online platforms for various public and private-sector investigator positions, including with the Tennessee Bureau of Investigation, John Hancock, Nelson Enterprise, and the Memphis Grizzlies. His job search was unsuccessful.

Mr. Durfee also applied for a Germantown park ranger position in August 2025 and was invited to a phone interview. He had another interview on the same day and requested another date. Several months later, the parks department contacted him regarding scheduling a phone interview date, but Mr. Durfee told them he would be unavailable because he would be out of town. He never heard back from the parks department and never called them back.

On cross-examination, Mr. Durfee acknowledged additional past jobs as a ride-hailing driver and a security guard and safety/OSHA officer at a retail store. He also acknowledged having experience working a part-time sales job at a clothing and sporting goods store while working for Germantown.

Mr. Durfee said he could not return to a job as a patrol officer or Uber driver. He also stated he could not return to a sales job like the ones he had because it required stocking shelves with heavy boxes.

*Vocational Proof*

Michelle Weiss testified as a vocational expert on behalf of the City of Germantown. Ms. Weiss reviewed Mr. Durfee's medical records, deposition testimony, settlement documents, first report of injury, and wage statement. She also reviewed his resume and list of jobs for which he applied. She interviewed Mr. Durfee, administered academic and intelligence testing, and performed a transferrable-skills analysis and labor-market survey.

Ms. Weiss testified that Mr. Durfee scored at least average to above average in all categories for his age group on academic testing, and his intelligence score was high average to superior. He has a college degree in criminal justice and possesses job skills greater than the average law enforcement officer. Ms. Weiss believed Mr. Durfee is a strong candidate for more education or retraining and has a "great ability

3

to learn."

Ms. Weiss documented that Mr. Durfee testified in his deposition that he could not climb a ladder, use a hand tool, dig a hole, or do anything that required the use of force with his shoulder, including fighting a suspect. He also noted difficulty opening jars and water bottles and reaching the back of his right shoulder.

Based on transferrable-skills and labor-market analyses, Ms. Weiss found Mr. Durfee experienced a 29% loss of access to jobs and a 58% wage loss. She concluded that Mr. Durfee's overall vocational disability is 37 to 44%, considering Dr. Throckmorton's restrictions, his age, education, past work history, transferrable skills analysis, tested and demonstrated abilities, loss of access to the local labor market, and wage loss.

### Findings of Fact and Conclusions of Law

At a Compensation Hearing, Mr. Durfee must show by a preponderance of the evidence that he is entitled to benefits. Tenn. Code Ann. § 50-6-239(c)(6) (2025).

Germantown agreed that Mr. Durfee is entitled to increased benefits. Thus, the issue is whether his case is "extraordinary" under section 50-6-242(a)(1) and if he proved, by clear and convincing evidence, that limiting his award to increased benefits would be inequitable considering the totality of the circumstances. If so, he may be awarded benefits not to exceed 275 weeks instead of increased benefits.

Mr. Durfee's case is extraordinary. He spent almost 30 years of his career working in one primary occupation–law enforcement–for one employer, which he can no longer do because of his injuries and restrictions. He lost his income because of his work injury shortly before he was eligible for full-service retirement, and he testified he had searched but been unable to find any similar position within his restrictions.

Ms. Weiss found that Mr. Durfee has access to a variety of jobs in light-type work in the economy; however, the pay for those positions is significantly less: a 58% wage loss. For these reasons, the Court finds by clear and convincing evidence that limiting Mr. Durfee's recovery is inequitable, entitling him to extraordinary relief.

Further, Mr. Durfee satisfied the requirements under 50-6-242(2)(A)-(C). He retained a 12% impairment from the injury, which exceeds the 10% requirement;

Dr. Throckmorton signed the form certifying that Mr. Durfee cannot return to his pre-injury occupation because of his permanent restrictions; and the parties agreed that Mr. Durfee is not earning greater than or equal to 70% of his pre-injury salary. He has not worked since Germantown terminated him, so he has no salary.

Because Mr. Durfee satisfied these requirements, Germantown must prove by "contrary clear and convincing evidence" that he is "capable of performing his pre-injury occupation." *Batey v. Deliver This, Inc*. 568 S.W.3d 91, 98 (Tenn. 2019). It did not offer this evidence. Rather, the proof showed it was unable to accommodate Mr. Durfee's restrictions and did not offer him another position in his pre-injury occupation within his restrictions.

After considering Ms. Weiss's credible and unrebutted testimony combined with Mr. Durfee's testimony, the Court finds Ms. Weiss's testimony persuasive and accurately represents the vocational impact of Mr. Durfee's injuries. Based on her testimony and considering the totality of the proof, the Court assesses Mr. Durfee's vocational disability to be 44%.

Thus, the Court awards him 198 weeks of benefits or 44% permanent partial disability under section 50-6-242. Germantown paid Mr. Durfee 54 weeks of benefits as an original award, which leaves a balance of 144 weeks. At his weekly compensation rate of $1,118.61, Mr. Durfee is awarded $161,079.84 in additional benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. City of Germantown shall pay Mr. Durfee extraordinary relief in the amount of $161,079.84 or 144 weeks at the rate of $1,118.61. His attorney is entitled to a fee of 20% of this award.

2. City of Germantown shall continue to pay reasonable and necessary future medical expenses for the injury under Tennessee Code Annotated section 50-6-204.

3. City of Germantown shall pay the $150.00 filing fee to the Clerk within five business days after the order becomes final.

4. City of Germantown shall file Form SD-2 with the Clerk within ten business days of this order becoming final.

**ENTERED June 16, 2026.**



**JUDGE AMBER E. LUTTRELL**
**Court of Workers' Compensation Claims**

APPENDIX

**Exhibits:**
1. Approved settlement documents
2. Physician's Certification Form
3. Mike Fisher's email to Mr. Durfee
4. Employer's exhibits (collective)
5. Michelle McBroom Weiss's CV

# CERTIFICATE OF SERVICE

I certify that a copy of this order was sent as shown on June 16, 2026.

| Name | Email | Service sent to: |
|---|---|---|
| William B. Ryan, Employee's Attorney | X | billy@donatilaw.com |
| Christopher Crain, Employer's Attorney | X | ccrain@ccrainlawfirm.com |

_____

**PENNY SHRUM, COURT CLERK**
**wc.courtclerk@tn.gov**



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board.  To do so, you must:

1.  Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➢  If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➢  If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
    When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2.  You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3.  You are responsible for ensuring a complete record is presented on appeal.  If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee.  If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk.  The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted.  For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4.  After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable.  See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation
220 French Landing Drive, I-B
Nashville, TN 37243-1002
800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____      2. Address: _____

3. Telephone Number: _____      4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental $ _____ per month

| | | |
|---|---|---|
| Groceries | $ _____ per month | Telephone     $ _____ per month |
| Electricity | $ _____ per month | School Supplies $ _____ per month |
| Water | $ _____ per month | Clothing     $ _____ per month |
| Gas | $ _____ per month | Child Care     $ _____ per month |
| Transportation | $ _____ per month | Child Support    $ _____ per month |
| Car | $_____ per month | |
| Other | $ _____ per month (describe: _____ ) | |

10. Assets:

| | | |
|---|---|---|
| Automobile | $ _____ | (FMV) _____ |
| Checking/Savings Acct. | $ _____ | |
| House | $ _____ | (FMV) _____ |
| Other | $ _____ | Describe:_____ |

11. My debts are:

| Amount Owed | To Whom |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____